MIR SUAU & CO., S. EN C., Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellant.

No. 11526. Argued April 9, 1956.—Decided May 31, 1956.

322

*José Trías Monge, Attorney General,* and *Ángel Manuel Martín, Assistant Attorney General,* for appellant. *Juan A. Faría* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Mir Suau & Co., *S. en C.,* a partnership, deducted in its income-tax return for the year 1949 the sum of $10,261 which it paid to its attorney in fact, Miguel Pagán Esmoris, as compensation for services rendered. The Secretary of the Treasury disallowed this item on the ground that it

represented a distribution of partnership profits. Consequently, notice of the deficiency was given to the taxpayer.[1]

The Superior Court set aside the deficiency and, on appeal, the Secretary of the Treasury assigns as sole error "that the lower court erred in considering the sums paid by the appellee to Miguel Pagán Esmoris, during the year 1949, as salary and hence as a deductible expense, when the fact is that these sums correspond to Pagán Esmoris' participation in the partnership in his capacity as industrial partner."

■■■ The error was not committed. The appellee is a special business partnership organized by public deed and registered in the Mercantile Register.[2] In the first paragraph of the expositive part of the deed of incorporation the appearing parties declare that "they have agreed to organize a business partnership," for the purpose—see footnote 2— and under the clauses thereafter stated. The firm name shall be "Mir Suau & Compañía, *Sociedad en Comandita*"[3] and the managing partners shall be the appearing parties, Antonio Mir Reynés and Katiuska Mir de Pagán, and the special partners, Teresa Suau widow of Mir and María Teresa Mir Suau de Arrarás.[4] It is stated that the contribution of each member to the partnership shall consist of real property, stock in hand or merchandise, furniture, accounts, credits, shares, and other securities of the old partnership.[5] After setting forth other covenants, it is agreed in the twenty-first clause:

---

[1] The deficiency arose from the disallowance of this and of another item which is not involved in this action.

[2] The clauses of incorporation are attached to the record of case No. 11270 of this Court. By its first clause it is declared that "the purpose of the partnership shall be to purchase and sell at wholesale and retail all kinds of articles of hardware, small wares, and any other articles of lawful commerce, and to transact all kinds of business on behalf of the partnership."

[3] Clause Three.

[4] Clause Five.

[5] Clauses Seven, Eight, Nine, and Ten.

TWENTY-FIRST: The profits of the partnership shall be distributed as follows: Fifty (50) per cent for capital and fifty (50) per cent for labor. The said fifty (50) per cent for labor shall be distributed between Antonio Mir Reynés and the attorney in fact who may be designated by the partnership, with the duties and powers which will be stated. Of this fifty (50) per cent of the profits or earnings for labor, one half shall correspond to the managing partner, Antonio Mir Reynés, and the other half to the attorney in fact who may be designated. The fifty (50) per cent of the profits or earnings allotted to capital will be distributed among the members of the partnership in proportion to their respective capital contributions, as per the accounts of capital of each partner. The losses of the partnership shall be apportioned among all the partners, also in proportion to their respective capital contributions, as per the accounts of capital of each partner."

Clause thirty-six provides:

"THIRTY-SIX: Miguel Pagán Esmoris shall receive for his management and labor one half of fifty (50) per cent of the profits or earnings of the partnership, as provided in the twenty-first clause of this deed for the attorney in fact who may be designated, and he may draw out a sum which shall not exceed fifty (50) dollars a week, chargeable to his participation in the profits or earnings of the partnership. It is expressly agreed by the parties appearing herein that in the event there be no profits or earnings, or, if any, if they are insufficient, the attorney in fact, Miguel Pagán Esmoris, shall be required to refund to the partnership the advances drawn out by him."

And clauses thirty-three and thirty-four read textually:

"THIRTY-THREE: Subject to the clauses, terms, and conditions specified in this deed, the appearing parties hereby organize the partnership Mir Suau & Compañía, *Sociedad en Comandita*, and agree to abide by and carry out faithfully and fully all covenants herein.

"THIRTY-FOUR: The partnership Mir Suau & Compañía, *Sociedad en Comandita*, as thus organized, represented by the appearing parties herein, confers and invests the appearing party, Miguel Pagán Esmoris, with full power to act in the name and on behalf of the partnership, taking part in its busi-

ness and transacting all kinds of operations without any limitations whatsoever, it being expressly agreed that this power shall not be revoked, limited, or modified in any manner whatsoever, except with the consent and approval of all the members of the partnership."

Relying on clauses twenty-one and thirty-six, appellant maintains that attorney in fact Pagán Esmoris is an industrial partner of Mir Suau & Compañía, *S. en C.* His contention is based on the fact that according to those clauses, Pagán Esmoris receives for his work a participation of 25 per cent in the profits and earnings of the partnership and not a salary, and that he is also bound to share in the losses of the partnership to the extent of the advances received during the year. To support his contention, he cites several provisions of the Civil Code bearing on partnerships.

Appellant's position is untenable. The provisions of the Civil Code invoked by appellant are not applicable. In the partnership contract the partners expressly agreed to organize a *business partnership;* they adopted one of the forms permitted by the Code of Commerce—that of special partnership—and registered the same in the Mercantile Register. Moreover, the partnership is engaged in the habitual exercise of acts reputed as mercantile. By its object, it is unmistakably characterized as a business partnership.[6] Therefore, the partnership Mir Suau & Compañía, *S. en C.,* is governed by the clauses and conditions of the partnership contract, and, in all that is not determined and prescribed therein, by the provisions of the Code of Commerce. Section 100 of the Code of Commerce.

 According to the partnership contract, Miguel Pagán Esmoris is not a partner of Mir Suau & Compañía, *S. en C.* He was designated attorney in fact of that part-

---

[6] See Gay de Monteyá, *Código de Comercio,* Vol. II, p. 26; González y Echevarrí, *Comentarios al Código de Comercio,* Vol. I-II, p. 132; L. Benito, *Derecho Mercantil,* Vol. 1, p. 429; and *"Alrededor de la Distinción entre Sociedades Civiles y Comerciales,"* by José Castán, edited by *Revista General de Legislación y Jurisprudencia,* Madrid, 1929.

nership and assigned compensation for his services as such on the basis of a certain percentage of the profits or earnings received by the partnership. It is well to indicate that the twenty-eighth clause of the partnership contract provides for the case in which it becomes necessary to replace the attorney in fact designated, either by reason of death, resignation, or *removal* of the latter. Although it is true that Pagán Esmoris appears in the deed in question, he does so for the purpose of giving marital consent to his wife, Katiuska Mir Suau, to engage in commerce, a circumstance which does not make him a partner. Judgment of January 19, 1925 of the Supreme Court of Spain. The partnership designated Pagán Esmoris its attorney in fact, pursuant to the power a merchant has under § 199 *et seq.* of the Code of Commerce to appoint general or special attorneys or agents for the purpose of transacting business in his name and for his account, in whole or in part, or for the purpose of assisting him therein. We have found nothing in the Code of Commerce to prevent a merchant from fixing compensation for attorneys in fact, factors, or shop clerks on the basis of a certain percentage of the profits or earnings received, nor is there any reason why the compensation fixed on such basis would make the attorney in fact or employee a partner of his principal.[7]

For the reasons stated, the judgment will be affirmed.

---

[7] See Judgments No. 107 of December 14, 1917 and No. 4 of January 23, 1913, of the Supreme Court of Cuba. (Núñez y Núñez, *Código de Comercio,* Vol. II, pp. 8–9.)